**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Scott Allen Mullins,

Petitioner,

Case Number: 26-12370
Honorable Jonathan J.C. Grey

v.

People of the State of Michigan,

Respondent.
________________________________/

**OPINION AND ORDER SUMMARILY DISMISSING CASE WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY**

Scott Allen Mullins, a Michigan prisoner confined at the Macomb Correctional Facility, commenced this action by filing a "Motion to Stay and Hold Petition in Abeyance." (ECF No. 1.) Mullins seeks to initiate a habeas corpus proceeding and have it held in abeyance while he exhausts his state court remedies. The Court will dismiss the case without prejudice because a Mullins may not commence a habeas action by filing a motion. *See* Federal Rule of Civil Procedure 3 and Rule 2(c) and (d), Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner indicates that he is incarcerated pursuant to convictions rendered in Hillsdale County Circuit Court. He does not identify the

nature of the convictions, but according to the Michigan Department of Corrections (MDOC) Offender Tracking Information System (OTIS),[1] Mullins was convicted in 2022 of two drug-related crimes. He filed direct appeals of his convictions and, according to his motion, the Michigan Supreme Court denied leave to appeal on October 24, 2025. (ECF No. 1, PageID.1.) He is preparing to file a motion for relief from judgment in the trial court. (*Id.* at PageID.2.) He asks the Court to hold the petition in abeyance while he pursues exhaustion of state court remedies.

The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. The Supreme Court has held that, "[t]he logical conclusion, therefore, is that a habeas suit begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case." *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). In addition, the minimum requirements for filing a habeas petition under § 2254 require the petitioner to:

[1] The Court is permitted to take judicial notice of information contained in OTIS. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004); *see also Marshek v. Eichenlaub*, 266 F. App'x 392, 392 (6th Cir. 2008) (taking judicial notice of the Federal Bureau of Prisons Inmate Locator).

> (1) specify all the grounds for relief available to the petitioner;
>
> (2) state the facts supporting each ground;
>
> (3) state the relief requested;
>
> (4) be printed, typewritten, or legibly handwritten; and
>
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rules Governing Section 2254 Cases, Rule 2.

Mullins' motion does not meet the minimum requirements for commencing a habeas case. He does not indicate the grounds for habeas relief, the facts supporting each ground, or the relief requested. The case is therefore subject to dismissal for Mullins' failure to comply with Rule 2, Rules Governing Section 2254 Cases, and Fed. R. Civ. P. 3.

Mullins is not entitled to a certificate of appealability because he has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus and **DENIES** a certificate of appealability.

**SO ORDERED**.

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Date: August 17, 2026

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 17, 2026

**s/ S. Osorio**
Sandra Osorio
Case Manager